IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HERITAGE FOUNDATION<br>214 Massachusetts Ave. N.E.<br>Washington, D.C.  20002<br><br>MIKE HOWELL<br>214 Massachusetts Ave. N.E.<br>Washington, D.C.  20002<br><br>*Plaintiffs*,<br><br>v.<br><br>U.S. DEPARTMENT OF DEFENSE<br>1000 Defense Pentagon<br>Washington, D.C. 20301<br><br>*Defendant*. | Case No.: 23-cv-1817 |

**COMPLAINT AND PRAYER FOR DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiffs THE HERITAGE FOUNDATION and MIKE HOWELL (collectively "Plaintiffs") for their complaint against Defendant DEPARTMENT OF DEFENSE ("DoD" or "Department") allege on knowledge as to Plaintiffs, and on information and belief as to all other matters, as follows:

**INTRODUCTION AND SUMMARY**

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to compel the production of information from DoD components concerning the number of abortions DoD provides and the circumstances surrounding DoD provided abortions.

2. After the Supreme Court's decision in *Dobbs v. Whole Women's Health*, DoD's role in providing abortion to both Service Members and their dependents has been a matter of

1

great legal and political controversy and debate.  *See, e.g.*, *Authority of the Department of Defense to Use Appropriations for Travel by Service Members and Dependents to Obtain Abortions*, 46 Op. O.L.C. __, Slip Op. (Oct. 3, 2022); Brad Dress, *White House blasts Tuberville's Hold on Military Nomination*, The Hill (June 15, 2023), found at https://thehill.com/policy/defense/4051341-white-house-blasts-tubervilles-hold-military-nominations/.  That data sought by Plaintiffs' FOIA Requests go directly to this debate.

## PARTIES

3. Plaintiff The Heritage Foundation is a Washington, D.C.-based nonpartisan public policy organization with a national and international reputation whose mission is to "formulate and promote public policies based on the principles of free enterprise, limited government, individual freedom, traditional American values, and a strong national defense."  Heritage Foundation*,* About Heritage, *found at* https://www.heritage.org/about-heritage/mission (last visited June 22, 2023).  Heritage is a not-for-profit section 501(c)(3) organization which engages in substantial dissemination of information to the public.  Heritage operates a national news outlet, *The Daily Signal*.

4. Plaintiff Mike Howell leads The Heritage Foundation's Oversight Project and is an author for *The Daily Signal*.  The Oversight Project is an initiative aimed at obtaining information via Freedom of Information Act requests and other means in order to best inform the public and Congress for the purpose of Congressional oversight.  The requests and analysis of information is informed by Heritage's deep policy expertise.  By function, the Oversight Project primarily engages in disseminating information to the public.  Oversight Project, *found at* https://www.heritage.org/oversight (last visited June 22, 2023); Twitter, *found at* @OversightPR, https://twitter.com/OversightPR (last visited June 22, 2023).

5. Defendant DoD is a federal agency of the United States within the meaning of 5 U.S.C. § 552(f)(1) whose mission is to "provide the military forces needed to deter war and ensure our nation's security." About DoD; Our Mission, *found at* https://www.defense.gov/about/ (last visited June 22, 2023).

6. The Defense Health Agency ("DHA") is a component of DoD whose mission is to "support[] our Nation by improving health and building readiness—making extraordinary experiences ordinary and exceptional outcomes routine." Defense Health Agency; Our Mission, *found at* https://health.mil/About-MHS/OASDHA/Defense-Health-Agency (last visited June 22, 2023).

## JURISDICTION AND VENUE

7. This Court has jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B) because this action is brought in the District of Columbia and 28 U.S.C. § 1331 because the resolution of disputes under FOIA presents a federal question.

8. Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendant DoD's principal place of business is in the District of Columbia.

## PLAINTIFFS' FOIA REQUESTS

9. Plaintiffs submitted two FOIA Requests on July 6, 2022 ("Requests"). The First Request was submitted via the OSD/JS Public Access Link (PAL) system and requested records held by individuals within the Assistant Secretary of Defense for Health Affairs, Office of Health Resources Management & Policy, Office of Health Readiness Policy & Oversight, and Office of

Health Services Policy & Oversight.  OSD FOIA Request (Jul. 6, 2022) ("OSD Request" or "Plaintiffs' OSD FOIA Request") (Ex. 1).  It was assigned reference number 22-F-1104.

10. The Second Request was submitted to the Defense Health Agency's FOIA email address and requested records held by individuals within the Office of the Director and Office of General Counsel, Office of the Chief Counsel, Force Health Protection and Readiness Programs, and the Health Care Administration.  FOIA Request 22-F-1104 (Jul. 6, 2022) ("DHA Request" or "Plaintiffs' DHA FOIA Request") (Ex. 2).

11. The Requests set forth six succinct, identical, sub-requests for records.  OSD Request at 1; DHA Request at 1.

12. The first sub-request seeks communications from January 20, 2021, to July 5, 2022, regarding "covered abortions".  OSD Request at 1; DHA Request at 1.

13. "Covered abortions" include those cases where the life of the mother would be endangered should the fetus be carried to term, and those where the pregnancy is the result of an act of rape or incest (described within DoD as "covered abortions").  Federal law prohibits the DoD from performing, or paying for the performance of, abortions for any other reason.  Reproductive Health:  Covered Abortions, *found at* https://www.health.mil/Reference-Center/Frequently-Asked-Questions/Reproductive-Health-QA-Covered-Abortions (last visited June 21, 2023).

14. Sub-requests two through four seek documents showing numbers of covered abortions, broken up into total abortions, abortions due to rape, and abortions due to incest.  OSD Request at 1;  DHA Request at 1.

15. Sub-requests five and six seek documents showing the number of prosecutions stemming from cases of rapes and incest which resulted in a covered abortion. OSD Request at 1; DHA Request at 1.

16. Sub-requests seeking records of abortion and prosecution numbers—sub-requests two through six—limit the timeframe to January 1, 2010, through the day before the Requests, July 5, 2022. OSD Request at 1; DHA Request at 1.

17. The Requests also sought a fee waiver because, as a 501(c)(3) nonprofit, Heritage Foundation does not have a commercial purpose for the information requested; instead, it analyzes the information requested in order to educate the public through social media, broadcast media, (traditional and nontraditional) and press releases. The requested information is in the public interest because multiple news agencies have been and continue to cover DoD's provision of abortions. OSD Request at 3; DHA Request at 3.

## DOD CONSTRUCTIVELY DENIED THE OSD REQUEST

18. DoD's FOIA system assigned the OSD Request reference number 22-F-1104.

19. The PAL website indicates the OSD Request is still in progress with an estimated delivery date of November 24, 2022. PAL Request Landing Page (last visited June 21, 2023) (Ex. 3).

20. Under FOIA, DoD has twenty (20) business days to produce responsive documents or issue a determination communicating the scope of the documents it intends to produce and/or withhold, the reasons for any withholding, and notifying the requester that it may appeal any adverse determinations. Twenty business days from July 6, 2022 is August 3, 2022. As of June 22, 2023, it has been three hundred and fifty-one (351) calendar days since the Request was filed.

21. As of the date of this Complaint, DoD has failed to: (i) produce the requested records or demonstrate that the records are lawfully exempt from disclosure; (ii) notify Plaintiffs of the scope of any responsive records it intends to produce or withhold and the reasons for any withholdings; or (iii) inform Plaintiffs that they may appeal any adequately specific, adverse determination.

## **DOD FAILED TO RESPOND TO THE DHA REQUEST**

22. Plaintiffs have received no communication or acknowledgment from DHA since filing the FOIA Request.

23. On March 31, 2023, counsel for Plaintiffs emailed DHA requesting follow up information regarding their FOIA Request. Email from Heritage to DHA (Mar. 31, 2023) (Ex. 4).

24. DHA did not respond.

25. Under FOIA, DHA has twenty (20) business days to produce responsive documents or issue a determination communicating the scope of the documents it intends to produce and/or withhold, the reasons for any withholding, and notifying the requester that it may appeal any adverse determinations. Twenty business days from July 6, 2022 is August 3, 2022. As of June 21, 2023, it has been three hundred and fifty-one (351) calendar days since the Request was filed.

26. As of the date of this Complaint, DHA has failed to: (i) produce the requested records or demonstrate that the records are lawfully exempt from disclosure; (ii) notify Plaintiffs of the scope of any responsive records it intends to produce or withhold and the reasons for any withholdings; or (iii) inform Plaintiffs that they may appeal any adequately specific, adverse determination.

## FIRST CLAIM FOR RELIEF
### (OSD Request)
**Violation FOIA, 5 U.S.C. § 552**
**Failure to Conduct Adequate Searches for Responsive Records.**

27. Plaintiffs re-allege the foregoing paragraphs as if fully set out herein.

28. FOIA requires all doubts to be resolved in favor of disclosure. "Transparency in government operations is a priority of th[e Biden] . . . Administration." Attorney General, *Memorandum for Heads of Executive Departments and Agencies: Freedom of Information Act Guidelines*, at 4 (Mar. 15, 2022).

29. Plaintiffs properly requested records within the possession, custody, and control of Defendant.

30. Defendant is subject to FOIA and therefore must make reasonable efforts to search for requested records.

31. Defendant has failed to promptly review agency records for the purpose of locating and collecting those records that are responsive to Plaintiffs' OSD FOIA Request.

32. Defendant's failure to conduct searches for responsive records violates FOIA and DoD regulations.

33. Plaintiffs have a statutory right to the information they seek.

34. Defendant is violation of FOIA.

35. Plaintiffs are being irreparably harmed by reason of Defendant's violation of FOIA. Plaintiffs are being denied information to which they are statutorily entitled and that is important to carrying out Plaintiffs' functions as a non-partisan research and educational institution and publisher of news. Plaintiffs will continue to be irreparably harmed unless Defendant is compelled to comply with the law.

36. Plaintiffs have no adequate remedy at law.

37. Plaintiffs have constructively exhausted their administrative remedies.

**SECOND CLAIM FOR RELIEF**
**(OSD Request)**
**Violation of FOIA, 5 U.S.C. § 552**
**Wrongful Withholding of Non-Exempt Responsive Records**

38. Plaintiffs re-allege the foregoing paragraphs as if fully set out herein.

39. FOIA requires all doubts to be resolved in favor of disclosure. "Transparency in government operations is a priority of th[e Biden] . . . Administration." Attorney General, *Memorandum for Heads of Executive Departments and Agencies: Freedom of Information Act Guidelines*, at 4 (Mar. 15, 2022).

40. Plaintiffs properly requested records within the possession, custody, or control of Defendant.

41. Defendant is subject to FOIA, and therefore must release to a FOIA requester any non-exempt records and provide a lawful reason for withholding any records.

42. Defendant is wrongfully withholding non-exempt records requested by Heritage by failing to produce any records responsive to Plaintiffs' OSD FOIA Request.

43. Defendant is wrongfully withholding non-exempt-agency records requested by Plaintiffs by failing to segregate exempt information in otherwise non-exempt records responsive to Plaintiffs' OSD FOIA Request.

44. Defendant's failure to provide all non-exempt responsive records violates FOIA and DoD regulations.

45. Plaintiffs have a statutory right to the information they seek.

46. Defendant is in violation of FOIA.

47. Plaintiffs are being irreparably harmed by reason of Defendant's violation of FOIA. Plaintiffs are being denied information to which they are statutorily entitled and that is

important to carrying out Plaintiffs' functions as a non-partisan research and educational institution and publisher of news. Plaintiffs will continue to be irreparably harmed unless Defendant is compelled to comply with the law.

48. Plaintiffs have no adequate remedy at law.

49. Plaintiffs have constructively exhausted their administrative remedies.

### THIRD CLAIM FOR RELIEF
### (OSD Request)
### Violation of FOIA, 5 U.S.C. § 552
### Wrongful Denial of Fee Waiver

50. Plaintiffs re-allege the foregoing paragraphs as if fully set out herein.

51. FOIA requires all doubts to be resolved in favor of disclosure. "Transparency in government operations is a priority of th[e Biden] . . . Administration." *Attorney General, Memorandum for Heads of Executive Departments and Agencies: Freedom of Information Act Guidelines*, at 4 (Mar. 15, 2022).

52. Plaintiffs properly requested records within the possession, custody, or control of Defendant.

53. Defendant has constructively denied Plaintiffs' application for a fee waiver pursuant to 5 U.S.C. § 552(a)(4)(A)(ii) & (iii) and 28 C.F.R. §16.10(k).

54. The OSD Request does not have a commercial purpose because Heritage is a 501(c)(3) nonprofit, Howell acts in his capacity as a Heritage employee, and release of the information sought does not further Plaintiffs' commercial interest.

55. Plaintiffs are members of the news media as they "gather[] information of potential interest to a segment of the public, use[] . . . [their] editorial skills to turn the raw materials into a distinct work, and distribute[] that work to an audience" via Heritage's major news outlet, *The Daily Signal*. 5 U.S.C. § 552(a)(4)(a)(ii).

56. Disclosure of the information sought by the OSD Request also "is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government." 5 U.S.C. § 552(a)(4)(A)(iii).

57. Defendant has "failed to comply with a[]time limit under paragraph (6)" as to the OSD Request. 5 U.S.C. § 552(a)(4)(A)(viii)(I).

58. Plaintiffs have a statutory right to a fee waiver.

59. Defendant is in violation of FOIA by denying a fee waiver.

60. Plaintiffs are being irreparably harmed by reason of Defendant's violation of FOIA. Plaintiffs are being denied a fee waiver to which they are statutorily entitled and that is important to carrying out Plaintiffs' functions as a non-partisan research and educational institution and publisher of news. Plaintiffs will continue to be irreparably harmed unless Defendant is compelled to comply with the law.

61. Plaintiffs have no adequate remedy at law.

62. Plaintiffs have constructively exhausted their administrative remedies.

**FOURTH CLAIM FOR RELIEF**
**(OSD Request)**
**Violation of FOIA, 5 U.S.C. § 552**
**Statutory Bar Against Charging Fees**

63. Plaintiffs re-allege the foregoing paragraphs as if fully set out herein.

64. FOIA requires all doubts to be resolved in favor of disclosure. "Transparency in government operations is a priority of th[e Biden] . . . Administration." Attorney General, *Memorandum for Heads of Executive Departments and Agencies: Freedom of Information Act Guidelines*, at 4 (Mar. 15, 2022).

65. Plaintiffs properly requested records within the possession, custody, or control of Defendant.

66. The OSD Request does not have a commercial purpose because Heritage is a 501(c)(3) nonprofit, Howell acts in his capacity as a Heritage employee, and release of the information sought does not further Plaintiffs' commercial interest.

67. Plaintiffs are members of the news media as they "gather[] information of potential interest to a segment of the public, use[] . . . [their] editorial skills to turn the raw materials into a distinct work, and distribute[] that work to an audience" via Heritage's major news outlet, *The Daily Signal*. 5 U.S.C. § 552(a)(4)(a)(ii).

68. Disclosure of the information sought by the OSD Request also "is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government." 5 U.S.C. § 552(a)(4)(A)(iii).

69. Defendant has "failed to comply with a[]time limit under paragraph (6)" as to the OSD Request. 5 U.S.C. § 552(a)(4)(A)(viii)(I).

70. Defendant has not determined "more than 5,000 pages are necessary to respond to this request," or discussed with Plaintiffs how Plaintiffs "could effectively limit the scope of the request." 5 U.S.C. § 552(a)(4)(A)(viii)(II)(cc).

71. Defendant is currently statutorily barred from charging fees related to Plaintiffs' OSD FOIA Request. Therefore, Plaintiffs have a statutory right to have the OSD Request processed without being charged any fees.

72. Plaintiffs are being irreparably harmed by reason of Defendant's violation of FOIA. Plaintiffs will continue to be irreparably harmed unless Defendant is compelled to comply with the law.

73. Plaintiffs have no adequate remedy at law.

74. Plaintiffs have constructively exhausted their administrative remedies.

**FIFTH CLAIM FOR RELIEF**
**(DHA Request)**
**Violation FOIA, 5 U.S.C. § 552**
**Failure to Conduct Adequate Searches for Responsive Records.**

75. Plaintiffs re-allege the foregoing paragraphs as if fully set out herein.

76. FOIA requires all doubts to be resolved in favor of disclosure. "Transparency in government operations is a priority of th[e Biden] . . . Administration." Attorney General, *Memorandum for Heads of Executive Departments and Agencies: Freedom of Information Act Guidelines*, at 4 (Mar. 15, 2022).

77. Plaintiffs properly requested records within the possession, custody, and control of Defendant.

78. Defendant is subject to FOIA and therefore must make reasonable efforts to search for requested records.

79. Defendant has failed to promptly review agency records for the purpose of locating and collecting those records that are responsive to Plaintiffs' DHA FOIA Request.

80. Defendant's failure to conduct searches for responsive records violates FOIA and DoD regulations.

81. Plaintiffs have a statutory right to the information they seek.

82. Defendant is violation of FOIA.

83. Plaintiffs are being irreparably harmed by reason of Defendant's violation of FOIA. Plaintiffs are being denied information to which they are statutorily entitled and that is important to carrying out Plaintiffs' functions as a non-partisan research and educational institution and publisher of news. Plaintiffs will continue to be irreparably harmed unless Defendant is compelled to comply with the law.

84. Plaintiffs have no adequate remedy at law.

85. Plaintiffs have constructively exhausted their administrative remedies.

### SIXTH CLAIM FOR RELIEF
### (DHA Request)
### Violation of FOIA, 5 U.S.C. § 552
### Wrongful Withholding of Non-Exempt Responsive Records

86. Plaintiffs re-allege the foregoing paragraphs as if fully set out herein.

87. FOIA requires all doubts to be resolved in favor of disclosure. "Transparency in government operations is a priority of th[e Biden] . . . Administration." Attorney General, *Memorandum for Heads of Executive Departments and Agencies: Freedom of Information Act Guidelines*, at 4 (Mar. 15, 2022).

88. Plaintiffs properly requested records within the possession, custody, or control of Defendant.

89. Defendant is subject to FOIA, and therefore must release to a FOIA requester any non-exempt records and provide a lawful reason for withholding any records.

90. Defendant is wrongfully withholding non-exempt records requested by Heritage by failing to produce any records responsive to Plaintiffs' DHA FOIA Request.

91. Defendant is wrongfully withholding non-exempt-agency records requested by Plaintiffs by failing to segregate exempt information in otherwise non-exempt records responsive to Plaintiffs' DHA FOIA Request.

92. Defendant's failure to provide all non-exempt responsive records violates FOIA and DoD regulations.

93. Plaintiffs have a statutory right to the information they seek.

94. Defendant is in violation of FOIA.

95. Plaintiffs are being irreparably harmed by reason of Defendant's violation of FOIA. Plaintiffs are being denied information to which they are statutorily entitled and that is

13

important to carrying out Plaintiffs' functions as a non-partisan research and educational institution and publisher of news. Plaintiffs will continue to be irreparably harmed unless Defendant is compelled to comply with the law.

96. Plaintiffs have no adequate remedy at law.

97. Plaintiffs have constructively exhausted their administrative remedies.

**SEVENTH CLAIM FOR RELIEF**
**(DHA Request)**
**Violation of FOIA, 5 U.S.C. § 552**
**Wrongful Denial of Fee Waiver**

98. Plaintiffs re-allege the foregoing paragraphs as if fully set out herein.

99. FOIA requires all doubts to be resolved in favor of disclosure. "Transparency in government operations is a priority of th[e Biden] . . . Administration." *Attorney General, Memorandum for Heads of Executive Departments and Agencies: Freedom of Information Act Guidelines*, at 4 (Mar. 15, 2022).

100. Plaintiffs properly requested records within the possession, custody, or control of Defendant.

101. Defendant has constructively denied Plaintiffs' application for a fee waiver pursuant to 5 U.S.C. § 552(a)(4)(A)(ii) & (iii) and 28 C.F.R. §16.10(k).

102. The DHA Request does not have a commercial purpose because Heritage is a 501(c)(3) nonprofit, Howell acts in his capacity as a Heritage employee, and release of the information sought does not further Plaintiffs' commercial interest.

103. Plaintiffs are members of the news media as they "gather[] information of potential interest to a segment of the public, use[] . . . [their] editorial skills to turn the raw materials into a distinct work, and distribute[] that work to an audience" via Heritage's major news outlet, *The Daily Signal*. 5 U.S.C. § 552(a)(4)(a)(ii).

104. Disclosure of the information sought by the DHA Request also "is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government." 5 U.S.C. § 552(a)(4)(A)(iii).

105. Defendant has "failed to comply with a[]time limit under paragraph (6)" as to the DHA Request. 5 U.S.C. § 552(a)(4)(A)(viii)(I).

106. Plaintiffs have a statutory right to a fee waiver.

107. Defendant is in violation of FOIA by denying a fee waiver.

108. Plaintiffs are being irreparably harmed by reason of Defendant's violation of FOIA. Plaintiffs are being denied a fee waiver to which they are statutorily entitled and that is important to carrying out Plaintiffs' functions as a non-partisan research and educational institution and publisher of news. Plaintiffs will continue to be irreparably harmed unless Defendant is compelled to comply with the law.

109. Plaintiffs have no adequate remedy at law.

110. Plaintiffs have constructively exhausted their administrative remedies.

**EIGHTH CLAIM FOR RELIEF**
**(DHA Request)**
**Violation of FOIA, 5 U.S.C. § 552**
**Statutory Bar Against Charging Fees**

111. Plaintiffs re-allege the foregoing paragraphs as if fully set out herein.

112. FOIA requires all doubts to be resolved in favor of disclosure. "Transparency in government operations is a priority of th[e Biden] . . . Administration." Attorney General, *Memorandum for Heads of Executive Departments and Agencies: Freedom of Information Act Guidelines*, at 4 (Mar. 15, 2022).

113. Plaintiffs properly requested records within the possession, custody, or control of Defendant.

114. The DHA Request does not have a commercial purpose because Heritage is a 501(c)(3) nonprofit, Howell acts in his capacity as a Heritage employee, and release of the information sought does not further Plaintiffs' commercial interest.

115. Plaintiffs are members of the news media as they "gather[] information of potential interest to a segment of the public, use[] . . . [their] editorial skills to turn the raw materials into a distinct work, and distribute[] that work to an audience" via Heritage's major news outlet, *The Daily Signal*. 5 U.S.C. § 552(a)(4)(a)(ii).

116. Disclosure of the information sought by the DHA Request also "is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government." 5 U.S.C. § 552(a)(4)(A)(iii).

117. Defendant has "failed to comply with a[]time limit under paragraph (6)" as to the DHA Request. 5 U.S.C. § 552(a)(4)(A)(viii)(I).

118. Defendant has not determined "more than 5,000 pages are necessary to respond to this request," or discussed with Plaintiffs how Plaintiffs "could effectively limit the scope of the request." 5 U.S.C. § 552(a)(4)(A)(viii)(II)(cc).

119. Defendant is currently statutorily barred from charging fees related to Plaintiffs' DHA FOIA Request. Therefore, Plaintiffs have a statutory right to have the DHA Request processed without being charged any fees.

120. Plaintiffs are being irreparably harmed by reason of Defendant's violation of FOIA. Plaintiffs will continue to be irreparably harmed unless Defendant is compelled to comply with the law.

121. Plaintiffs have no adequate remedy at law.

122. Plaintiffs have constructively exhausted their administrative remedies.

**WHEREFORE** as a result of the foregoing, Plaintiffs pray that this Court:

A. Order Defendant to conduct a search or searches reasonably calculated to uncover all records responsive to Plaintiffs' FOIA Requests;

B. Order Defendant to produce, within twenty days of the Court's order, or by such other date as the Court deems appropriate, any and all non-exempt records responsive to Plaintiffs' FOIA Requests and indexes justifying the withholding of any responsive records withheld in whole or in part under claim of exemption;

C. Enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiffs' FOIA Requests;

D. Enjoin Defendant from assessing fees or costs for Plaintiffs' FOIA Requests;

E. Retain jurisdiction over this matter as appropriate;

F. Award Plaintiffs their costs and reasonable attorneys' fees in this action as provided by 5 U.S.C. § 522(a)(4)(E); and

G. Grant such other and further relief as this Court may deem just and proper.

Dated: June 22, 2023

Respectfully submitted,

   /s/ Samuel Everett Dewey
SAMUEL EVERETT DEWEY
(No. 999979)
Chambers of Samuel Everett Dewey, LLC
Telephone:  (703) 261-4194
Email:  samueledewey@sedchambers.com

ERIC NEAL CORNETT
(No. 1660201)
Law Office of Eric Neal Cornett
Telephone:  (606) 275-0978
Email: neal@cornettlegal.com

DANIEL D. MAULER
(No. 977757)
The Heritage Foundation
Telephone:  (202) 617-6975
Email:  Dan.Mauler@heritage.org

ROMAN JANKOWSKI
(No. 975348)
The Heritage Foundation
Telephone:  (202) 489-2969
Email:  Roman.Jankowski@heritage.org

*Counsel for Plaintiffs*